UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

Sikhs for Justice

                Plaintiff

v.

Indian national Congress Party, a/k/a Congress (I),
and Kamal Nath

                Defendants

Hon. Robert W. Sweet

Case No. 10 CV 2940 (RWS)

---

## DECLARATION OF NIKET RELE
### IN SUPPORT OF MOTION OF JONATHAN FREIMAN AND SCOTT CORRIGAN TO WITHDRAW AS COUNSEL OF RECORD

I, Niket Rele, hereby declare pursuant to 28 U.S.C. Section 1746 as follows:

1. I am an attorney admitted to practice law, and in good standing, and a partner at the law firm of Wiggin And Dana LLP, counsel of record for defendant, Indian National Congress Party, a/k/a "Congress (I)" (hereinafter "Congress (I)") in this action. I submit this declaration in support of the Motion to Withdraw as Counsel of Record.

2. On March 1, 2011, an Amended Complaint was filed naming Congress (I) as a defendant in the action, by attorney Michael Fitzgerald, counsel for plaintiff.

3. On March 25, 2011, the law firm of Sabharwal, Nordin & Finkel sent a letter to the Court addressed to the Honorable Judge Robert W. Sweet, informing the Court that Sabharwal, Nordin & Finkel represented the defendant, Congress (I), and sought an extension of time until June 24, 2011 to respond to the First Amended Complaint and Summons, while specifically reserving rights to dispute service, jurisdiction, venue, immunity and other defenses.

4. On or about March 15, 2011, Rohit Sabharwal of Sabharwal, Nordin & Finkel contacted me to inquire whether Wiggin and Dana would be willing to co-counsel with him on behalf of Congress (I) in the above-captioned action. On or about March 26, 2011, Mr. Sabharwal introduced me via telephone to Dr. Surinder Malhotra. Mr. Sabharwal identified Dr. Malhotra as

the President of the Indian National Overseas Congress USA (hereinafter referred to as "INOC"). During the call, Dr. Malhotra informed me that he wanted to retain my firm to represent the defendant Congress (I) in the aforesaid matter, and we were informed during the call that he had spoken to and had the authority to retain our firm on behalf of Congress (I).

5. On that basis, on or about March 28, 2011, my partner, Scott Corrigan, filed an appearance on behalf of defendant Congress (I). On April 4, 2011, my partner Jonathan Freiman filed a motion for *pro hac vice* admission, which the Court granted on April 13, 2011.

6. During the period from March 28, 2011 through June 7, 2011, I had one in-person meeting with Dr. Malhotra and co-counsel Mr. Sabharwal and Adam Finkel of Sabharwal, Nordin & Finkel regarding the matter. During this time, I also participated in telephone calls with Dr. Malhotra and Mr. Sabharwal to discuss the case.

7. We sought instructions from Dr. Malhotra several times regarding how Congress (I) wished to respond to the June 24, 2011 deadline for a motion to dismiss. Dr. Malhotra informed me and co-counsel Mr. Sabharwal that he was awaiting instructions from India. On May 24, 2011 Jonathan Freiman wrote to defendant Congress (I), among other things, requesting further instructions with respect to the matter. As my firm received no response from defendant Congress (I), we sent another follow-up letter on June 7, 2011.

8. On or about June 8, 2011, my firm received a copy of a letter from Mr. Abhishek Singhvi, who identified himself as the Chairman of the Legal and Human Rights Department of defendant Congress (I). The letter, addressed to Dr. Malhotra, stated, among other things, that Congress (I) had not authorized INOC or Dr. Malhotra to retain lawyers to represent defendant Congress (I) in the matter. The letter also stated that INOC is a separate, distinct, US registered organization and not a department, unit, or agent of the defendant Congress (I) and that no notice, summons or documents from any United States court was received by defendant Congress (I).

9. I have since confirmed with Dr. Malhotra and Mr. Sabharwal that Mr. Singhvi is the Chairman of the Legal and Human Rights Department of Congress (I) and that Dr. Malhotra and Mr. Sabharwal believe that the email address from which the June 8, 2011 letter was sent to my firm is Mr. Singhvi's email address.

10. By letter dated June 10, 2011, I notified Mr. Singhvi that based on the assertions in his June 8, 2011 letter and his instructions that we are not authorized to act on behalf of Congress

(I), Messrs. Corrigan and Freiman of Wiggin and Dana would promptly file a motion to withdraw their appearances on behalf of Congress (I) in the above-captioned action.

11.  For the above reasons, I respectfully request that the Court grant Messrs. Corrigan and Freiman's motion to withdraw as counsel for defendant Congress (I).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 13, 2011

_____
Niket Rele, Esq.

Wiggin And Dana LLP
450 Lexington Avenue, Suite 3800
New York, NY 10017
(212) 490 1700
(212) 490 0536 (Fax)