PILLSBURY WINTHROP SHAW PITTMAN LLP
David M. Lindley
Ranah L. Esmaili
Anne C. Lefever
Tameka Beckford-Young
1540 Broadway
New York, NY 10036-4039
Tel.: (212) 858-1000
Fax: (212) 858-1500
david.lindley@pillsburylaw.com

*Attorneys for Defendant Kamal Nath*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| "SIKHS FOR JUSTICE," et al., | Civ. No. 10-CV-2940 (RWS) |
| Plaintiffs, | |
| v. | **DECLARATION OF BRIAN JANIK** |
| KAMAL NATH, et al., | |
| Defendant. | |

### Statement of Brian Janik

1. My name is Brian Janik. I am currently employed as a Special Agent with the U.S. State Department's Bureau of Diplomatic Security, Diplomatic Security Service. I have been a Diplomatic Security (DS) Agent for approximately two years. I am currently assigned to DS Headquarters in Arlington, Virginia, in the position of Desk Officer for International Programs, European Affairs Division. Prior to this position, I served a two-year assignment in the New York Field Office from April 2009 until March of 2011. My recollection in this statement is based on personal knowledge.

2. In April of 2010, I was working in the New York Field Office in the Protective Liaison (PL) Unit. My duties in this position included serving as the primary point of contact (POC) and security liaison for an assigned portfolio of countries with Missions to the United Nations. Our unit also served in a liaison capacity for numerous Consulates located in the greater New York City area. The PL Unit provided a wide range of security liaison functions, including but not limited to attending protests, assisting with security arrangements for visiting foreign dignitaries, and liaising with the New York City Police Department.

3. On April 6, 2010, in the performance of my work duties in the PL Unit, I was present outside the Indian Consulate in New York City, located at 3 E. 64th St, New York, NY 10065. I was there in a security liaison role for the Indian Consulate in light of the presence of Indian Minister of Roads, Transport & Highways Kamal Nath, who was attending an event inside the Consulate, and a protest related to his appearance that was anticipated to occur outside of the Consulate. I was at the location approximately 30 minutes prior to the arrival of Minister Nath, who arrived and entered the Consulate without incident.

4. At approximately 7:15 PM, I was standing with Special Agent Gavin Hurst on the sidewalk just west of the front entrance of the Indian Consulate, located on the north side of 64th Street. Also present in the general area were an official from the Indian Consulate with whom we had regular contact, and an officer from the New York City Police Department who was assigned to the event. As I was standing there, I heard a small commotion nearby and saw whom I believed to be a security/protocol officer from the Consulate speaking with the Consulate official. I also noticed the presence of a woman, who was carrying a FedEx envelope in one hand. The Consulate security/protocol officer had in his possession a letter sized manila envelope. I witnessed the security/protocol officer hand the manila envelope to the Consular Officer, who asserted something like "I am not Sandeep" as he tried to hand it to the woman. She refused to take the envelope, so the Consulate official placed the envelope on the top of an open NYC trash can located on the sidewalk. The continuing discussion between the woman and the two men from the Consulate about the envelope drew the response of the nearby NYPD officer. Meanwhile, a nearby Indian news crew witnessed the discussion and approached the trash can with the expressed desire to retrieve the envelope and inspect its contents, at which time the woman took possession of the envelope by picking it up off of the top of the trash can. The NYPD officer took the woman aside for the stated purpose of

identifying her and investigating the contents of the envelope. After several minutes, the NYPD officer reported to SA Hurst and me that the woman was a process server and that the contents of the envelope were legal papers. The NYPD officer also advised that the contents of the envelope did not appear to contain any threatening substance, so he returned it to her possession. The woman stayed in the proximity of the Consulate for a short period of time holding the envelope and speaking on the telephone. At approximately 8:00 PM, the woman approached the area near the trash can where myself, SA Hurst, and the NYPD officer were still standing to advise that she had already completed service of process, stating something like "thank you and goodnight, process has been served so I am leaving." At that time, she left the area and I did not see her return that evening. SA Hurst and I remained until the conclusion of the Consulate event, at which time we witnessed Minister Nath exit the Consulate, get into his awaiting vehicle, and leave the area at approximately 8:20 PM.

5. I did not witness the woman in issue hand the envelope to Minister Nath or any Consulate official or employee on April 6, 2010. The first time I saw the envelope was when the Consulate security/protocol officer handed it to the Consulate official on the sidewalk near the garbage can.

6. On April 7, 2010, at approximately 8:00 AM, Minister Nath attended a public event that took place inside the McGraw Hill Building in Manhattan. SA Hurst and I were assigned to be present at the event in the same capacity as the previous day. While we were awaiting the arrival of Minister Nath, we observed a protest occurring outside the building with approximately 100 demonstrators present. In the crowd, I observed the same woman who was present with the envelope in issue at the Consulate the prior day. I was present for the arrival and departure of Minister Nath from the venue and did not observe the woman in issue, or any other individual, attempt to hand him anything during his time there.

I state under penalty of perjury that the foregoing is true and correct. Executed on June 1, 2011.

_____   6/1/2011
Special Agent Brian Janik
U.S. State Department Bureau
Bureau of Diplomatic Security