N.Y.S.D. Case #
10-cv-2940(RWS)

MANDATE

14-1724-cv
*Sikhs for Justice v. Nath*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand fourteen.

PRESENT: ROBERT D. SACK,
DENNY CHIN,
SUSAN L. CARNEY,
*Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ________
DATE FILED: January 15, 2015

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SIKHS FOR JUSTICE, INC. on behalf of deceased and injured members of the Sikh community and on behalf of all those similarly situated, JASBIR SINGH, Individually and on behalf of all those similarly situated, MOHENDER SINGH, Individually and on behalf of his deceased father Sardar Darshan Singh and on behalf of all those similarly situated, DAVINDER PAL BHATIA, Individually and on behalf of all those similarly situated, IQBAL KAUR BHATIA, Individually and on behalf of her deceased father Anant Singh and deceased son Manvinder Singh Bhatia and on behalf of all those similarly situated, MANJIT SINGH, on behalf of his deceased brother Gursharan Singh Rishi and on

MANDATE ISSUED ON 01/15/2015

behalf of all those similarly situated, TEJINDER SINGH, on behalf of his deceased brother Gursharan Singh Rishi and on behalf of all those similarly situated, KAMALJIT KAUR GIRIN, Individually and on behalf of her deceased husband Jamail Singh Girin, and on behalf of all those similarly situated,

*Plaintiffs-Appellants*,

v. 14-1724-cv

KAMAL NATH, a national and citizen of India, INDIAN NATIONAL CONGRESS PARTY, AKA Congress (I),

*Defendants-Appellees*,

INDIAN LEGAL HERITAGE,

*Intervenor*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| FOR PLAINTIFFS-APPELLANTS: | MICHAEL F. FITZGERALD, ESQ., New York, New York. |
| FOR DEFENDANT-APPELLEE KAMAL NATH: | EDWARD FLANDERS, Pillsbury Winthrop Shaw Pittman LLP, New York, New York. |
| FOR DEFENDANT-APPELLEE INDIAN NATIONAL CONGRESS PARTY: | RAVI BATRA (Todd B. Sherman, *on the brief*), The Law Firm of Ravi Batra, P.C., New York, New York. |

Appeal from the United States District Court for the Southern District of New York (Sweet, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-appellants, Sikhs for Justice and seven individuals, all suing on behalf of deceased and injured Sikhs, appeal from a final judgment entered on April 28, 2014 dismissing their second amended complaint. The district court issued three opinions, holding, *inter alia*, that plaintiffs failed to state a claim under the Torture Victims Protection Act of 1991, 106 Stat. 73, note following 28 U.S.C. § 1350, ("TVPA") and that it lacked subject matter jurisdiction over plaintiffs' claims under the Alien Tort Statute, 28 U.S.C. § 1350 ("ATS"). We assume the parties' familiarity with the facts, procedural history, and issues on appeal, which we reference only as necessary to explain our decision.

As an initial matter, we conclude that plaintiffs have waived any appeal of the district court's dismissal of the TVPA claims. To preserve arguments for appellate review, plaintiffs must set forth their "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A); *see also Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998). In their briefs on appeal, plaintiffs have not addressed the district court's decision with respect to the TVPA claims and thus the claims are not properly before us for appellate review.

We thus turn to the question of whether the district court had subject matter jurisdiction to hear plaintiffs' ATS claims. "When reviewing a district court's determination of subject matter jurisdiction pursuant to Rule 12(b)(1), we review factual

findings for clear error and legal conclusions *de novo*." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (internal quotation marks omitted) (alterations in original).

The ATS is a jurisdictional statute that creates no causes of action. *Kiobel v. Royal Dutch Petroleum Co.*, 133 S. Ct. 1659, 1663 (2013). Instead, it permits federal courts "to hear claims in a very limited category defined by the law of nations and recognized at common law." *Sosa v. Alvarez-Machain*, 542 U.S. 692, 712 (2004). We presume, however, that when a statute "gives no clear indication of an extraterritorial application, it has none." *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 255 (2010). This presumption "serves to protect against unintended clashes between our laws and those of other nations which could result in international discord." *EEOC v. Arabian Am. Oil Co.*, 499 U.S. 244, 248 (1991). In *Kiobel*, the Supreme Court held that "the presumption against extraterritoriality applies to claims under the ATS," but it also concluded that claims that "touch and concern the territory of the United States . . . with sufficient force [may] displace the presumption." *Kiobel*, 133 S. Ct. at 1669. Where "all the relevant conduct [takes] place outside the United States," however, a defendant's "mere corporate presence" in the United States does not suffice to displace the presumption and establish jurisdiction under the ATS. *Id.*

Here, all the relevant conduct took place outside the United States in India, many years ago. Even assuming that, as plaintiffs allege, defendants-appellees

Indian National Congress Party ("INC") and Kamal Nath carried out or were responsible for acts of violence against Sikhs, those acts were taken by Indian nationals against other Indian nationals in India. Under the presumption against extraterritoriality, then, as the Supreme Court held in jurisdictionally similar circumstances in *Kiobel*, we lack jurisdiction over plaintiffs' claims. *See also Balintulo v. Daimler AG*, 727 F.3d 174, 189-90 (2d Cir. 2013) ("[C]laims under the ATS cannot be brought for violations of the law of nations occurring within the territory of a sovereign other than the United States . . . . [I]f all the relevant conduct occurred abroad, that is simply the end of the matter under *Kiobel*.").

Plaintiffs argue that their claims sufficiently "touch and concern" the United States because INC allegedly conducts ongoing, systematic, and substantial activities in the United States. They specifically assert that INC engages in economic, political, and social activities in the United States through a corporate affiliate, the Indian National Overseas Congress ("INOC"). They urge this Court to remand the case for the district court to consider whether these claims sufficiently touch and concern the United States. We conclude, however, that plaintiffs fail to establish that the relevant conduct touched and concerned the United States with sufficient force to displace the presumption against extraterritorial application of the ATS.

Contrary to plaintiffs' contention, however, we note that the district court did analyze their claims under the "touch and concern" standard articulated in *Kiobel.*

App. at 373-378. Plaintiffs' conclusory assertion that INOC is an "agent" of INC and that INC is using the United States as a "safe harbor" is unsupported by the record. Moreover, even assuming INOC is related to INC, INOC was established *after* the underlying incidents of violence against the Sikhs and plaintiffs do not allege or identify evidence supporting a connection between INOC and the prior acts of violence. Plaintiffs argue that there were continued acts after the Sikh massacre, but these acts are also alleged to have occurred in India and therefore, without more, appear to have limited connection to United States interests. We agree with the district court that "even if the INOC acted as a corporate affiliate of the INC, and even if the INC orchestrated acts directed at individuals in the United States, the performing actors and the actual conduct at issue occurred entirely abroad." *Sikhs for J. Inc. v. Indian Nat'l Cong. Party*, 17 F. Supp. 3d 344, 345 (S.D.N.Y. 2014). Plaintiffs' allegations suggest that, at most, defendants have merely a corporate presence in the United States. Accordingly, because all of the conduct relevant to the alleged ATS violations occurred abroad, defendants' alleged presence in the United States is insufficient to displace the presumption against extraterritoriality and to establish jurisdiction under the ATS. *See Ellul v. Congregation of Christian Bros.*, No. 11-cv-1682, 2014 WL 6863587, at *5 (2d Cir. Dec. 8, 2014) (rejecting "the notion that a defendant's mere presence in the United States is sufficient to displace the presumption").

Because we conclude that the district court lacked subject matter jurisdiction over plaintiffs' ATS claims, we have no need to address the issues of plaintiffs' standing, the sufficiency of service of process, personal jurisdiction, or whether, under current law, corporate defendants are subject to suit under the ATS.

For the reasons set forth above, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit